Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X-DJ2024-062C

| AMG SECURITIES, LLC, JOSÉ EDISON FELICIANO TORRES, MELISSA PINET SALICRUP; POR SÍ Y EN REPRESENTACIÓN DE TODAS LAS PERSONAS IGUALMENTE SITUADAS<br><br>Apelantes<br><br>V.<br><br>DPA REAL ESTATE, DINORAH ROMÁN SANTOS<br><br>Apelados | TA2025AP00453 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV06903<br><br>Sobre: *Culpa in Contrahendo,* Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2025.

El 16 de octubre de 2025, compareció ante este Tribunal de Apelaciones, AMG Securities, LLC y otros, mediante *Apelación.* Por medio de esta, nos solicita que revisemos varios dictámenes, a saber: la *Sentencia Parcial* emitida y notificada el 18 de julio de 2025, la *Orden* emitida y notificada el 12 de septiembre de 2025 y la *Orden* emitida el 6 de octubre de 2025 y notificada el 7 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Por los fundamentos que adelante se exponen, se desestima el recurso de epígrafe por falta de jurisdicción al ser tardío.

I

De entrada, nos compete destacar que, esta es la segunda ocasión que la parte apelante recurre ante esta Curia dentro del

mismo pleito judicial. Adoptamos por referencia el trámite procesal del caso plasmado en la *Resolución* emitida por este panel el 7 de julio de 2025, en el caso con designación alfanumérica TA2025CE00006. Por tanto, nos circunscribimos a reseñar las incidencias procesales ocurridas con posterioridad.

Los hechos que suscitaron la controversia de epígrafe tienen su lugar en una *Demanda* sobre Culpa *In Contrahendo* e incumplimiento de contrato, instada por AMG Securities, LLC, José E. Feliciano Torres, la señora Melissa Pinet Salicrup y la Sociedad Legal de Gananciales compuesta por ambos (en adelante, parte apelante), en contra de DPA Real Estate, LLC (en adelante DPA o parte apelada) y la señora Dinorah Román Santos (en adelante, señora Román Santos y en conjunto, parte apelada).

En lo aquí pertinente, el 24 de mayo de 2025, DPA presentó *Moción en Solicitud para que se Dicte Sentencia Sumaria Parcial a Favor de DPA Real Estate, LLC*. En su moción, propuso seis (6) hechos que, a su juicio, no se encontraban en controversia. Argumentó que, en el caso de epígrafe no se configuraba causa de acción contra DPA por culpa *in contrahendo* o incumplimiento de contrato, debido a que no estaban presentes los elementos que dicha causa de acción requería. Conforme a ello, le solicitó al foro de primera instancia que dictara sentencia sumaria parcial y desestimara la demanda en su contra.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 7 de julio de 2025, la parte apelante presentó la *Oposición a Moción de Sentencia Sumaria (Entrada Número 38)*. En su oposición, la parte apelante esbozó veinticuatro (24) hechos que entendía se encontraban en controversia. Sostuvo que, en la medida en que existía duda o controversia sobre los hechos materiales y pertinentes del caso, se debía rechazar la solicitud de sentencia sumaria y celebrar un juicio en su fondo. A tales efectos, le solicitó

al foro primario que, declarara No Ha Lugar la moción de sentencia sumaria presentada por DPA.

Posteriormente, el **18 de julio de 2025**, el Tribunal de Primera Instancia emitió *Sentencia Parcial*, mediante la cual declaró Ha Lugar la *Moción en Solicitud para que se Dicte Sentencia Sumaria Parcial a Favor de DPA Real Estate, LLC.* Consecuentemente, desestimo la acción instada en contra de DPA.

Así las cosas, el 10 de septiembre de 2025, la parte apelante presentó *Moción de Nulidad de Sentencia (Entrada Número 57).* Por medio de su moción, la parte apelante le solicitó a la primera instancia judicial que, declarara nula y dejara sin efecto la *Sentencia Parcial* apelada, y autorizara la continuación de los procedimientos en contra de DPA. Aseguró que, existían hechos materiales en controversia o suficientes argumentos que levantaban dudas legitimas y que impedían disponer del caso por la vía sumaria. De igual manera, presentó argumentos referentes a la controversia medular del caso, es decir, sobre el alegado incumplimiento contractual. Asimismo, arguyó que, DPA no había cumplido con las exigencias procesales del mecanismo de sentencia sumaria y que, no pudo derrotar los hechos materiales sustanciales controvertidos. Arguyó que, la *Sentencia Parcial* era nula y que procedía su relevo, de conformidad con la Regla 49.2 de Procedimiento Civil. A tono con lo anterior, sugirió que, la alegada nulidad respondía a la falta de reconocer la existencia de hechos materiales en controversia admitidos por DPA y recogidos por el foro *a quo* en la *Sentencia Parcial.* Aseguró que, se le violentó el debido proceso de ley en la medida en que, no se celebró una vista evidenciaria donde se pudiera desfilar evidencia demostrativa de la existencia de hechos materiales en controversia. Finalmente, solicitó al foro de primera instancia que declarara con lugar su petitorio.

El 12 de septiembre de 2025, el Tribunal de Primera Instancia emitió *Orden*, en virtud de la cual declaró No Ha Lugar la *Moción de Nulidad de Sentencia*.

En desacuerdo, el 23 de septiembre de 2025, la parte apelante presentó *Moción de Reconsideración (Entrada Número 64)*. Mediante *Orden* emitida el 6 de octubre de 2025, la primera instancia judicial declaró No Ha Lugar la aludida moción de reconsideración, y dispuso que, se mantenía el dictamen emitido el 12 de septiembre de 2025.

Aún inconforme, la parte apelante presentó el recurso cuya revisión nos atiene y esgrimió los siguientes señalamientos de error:

1. Erró y abusó de su discreción el foro de instancia al dictar sentencia sumaria parcial mediante la cual desestimó el caso de epígrafe con relación a la parte codemandada DPA Real Estate, LLC, cuando los hechos correctamente vertidos en la demanda de la parte apelante vinculan como parte indispensable a dicha corporación.

2. Erró y abusó de su discreción el foro de instancia al dictar sentencia sumaria parcial cuando este caso presenta hechos materiales sustanciales controvertidos.

3. Erró y abusó de su discreción el foro de instancia al denegar la Moción de Nulidad de Sentencia de la parte apelante, cuando el expediente de este caso revela que hay hechos materiales sustanciales controvertidos que impiden proceder sumariamente en este caso y desestimar la demanda de este caso con respecto a la codemandada DPR Real Estate, LLC.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de esta[1].

---

[1] En virtud de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR \_\_\_ (2024); *R & B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[2] Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R & B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[3] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[4]

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como

---

[2] Véase *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[3] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).
[4] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección*, supra, pág. 299.

**Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción**. (*Énfasis suplido*). Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home v. Empresas Massó*, supra, pág. 107. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración. *Íd.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, supra, pág. 107; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán*

---

[5] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

*v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, supra, págs. 1070-1071. El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán presentarse dentro del **término jurisdiccional de treinta (30) días** contados a partir del archivo en autos de una copia de la notificación de la sentencia.[6]

A su vez, la Regla 52.2 de las Reglas de Procedimiento Civil de Puerto Rico, establece lo siguiente respecto a los recursos de apelación ante este Tribunal:

> (a) Recursos de apelación.—Los recursos de apelación al Tribunal de Apelaciones o al Tribunal Supremo para revisar sentencias deberán ser presentados dentro del **término jurisdiccional de treinta (30) días** contados dese el archivo en autos de copia de la notificación de la sentencia dictada por el tribunal apelado.[7]

---

[6] Regla 13(A) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.
[7] 32 LPRA Ap. V. R. 52.2.

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

### C. Regla 49.2 de Procedimiento Civil

Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección. *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445 (1977); *Cortés Piñeiro v. Sucn. A. Cortés*, 83 DPR 685, 690 (1961). Solo en ciertos escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente dictada en su contra; asunto que, como sabemos, en nuestra jurisdicción es gobernado por la Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V. *López García v. López García*, 200 DPR 50, 59 (2018).

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, establece el mecanismo procesal que se tiene disponible

---

[8] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[9] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

para solicitarle al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. (Citas omitidas). *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010); *Pérez Ríos et al. v. CPE,* 213 DPR 203, 214 (2023).

Este precepto procesal civil tiene como fin establecer el justo balance entre dos (2) principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por el otro, que los litigios lleguen a su fin. (Citas omitidas). *García Colón et al. v. Sucn. González,* pág. 540.

En particular, la Regla 49.2 de Procedimiento Civil, *supra,* dispone específicamente, como sigue:

> **Regla 49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.**
>
> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (1) Error, inadvertencia, sorpresa, o negligencia excusable;
>
> (2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de la parte adversa;
>
> **(4) Nulidad de la sentencia**;
>
> (5) La sentencia ha sido satisfecha, renunciada, o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuare en vigor; o

(6)  Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d) de esta regla. La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.
[. . .]

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla. Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *García Colón et al. v. Sucn. González,* pág. 540; *Pérez Ríos et al. v. CPE,* supra, pág. 215.

Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. Así, si la parte que solicita el relevo aduce una buena defensa –además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra*, ya mencionadas- y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. De ahí que, como regla general la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. *García Colón et al. v. Sucn. González,* supra, págs. 540-541.

Por igual, el Tribunal Supremo de Puerto Rico, ha expresado, con relación a la Regla 49.2 de Procedimiento Civil, *supra*: "que el precepto debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia o, a fin de que el proceso

continúe y el caso pueda resolverse en sus méritos". Empero, **la consabida regla no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración. Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación.** (Citas omitidas). *García Colón et al. v. Sucn. González*, supra, pág. 541.

Por otro lado, el inciso (4) de la Regla 49.2 de Procedimiento Civil, *supra*, le otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla *se ha quebrantado el debido proceso de ley*. (Citas omitidas). *García Colón et al. v. Sucn. González*, supra, pág. 543.

Es importante destacar que, bajo este fundamento no hay margen de discreción como si lo hay bajo los otros fundamentos de la Regla 49.2 de Procedimiento Civil, *supra*. Si una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. *Pérez Ríos et al. v. CPE*, supra, pág. 215. Sobre el particular, ha manifestado nuestro Tribunal Supremo que:

> "...la discreción que tiene un tribunal, al amparo de las disposiciones de la referida Regla 49.2 de Procedimiento Civil, para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando se trata de una sentencia que es "nula"; si es nula, no hay discreción para el relevo, hay obligación de decretarla nula.
>
> Es inescapable la conclusión, en consecuencia, que ante la certeza de nulidad de una sentencia, resulta *mandatorio* declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil. (Citas omitidas). *Montañez v. Policía de Puerto Rico*, 150 D.P.R. 917, 921-922 (2000). Véanse, *Bco. Santander P.R. v. Fajardo Farms Corp.*, 141 D.P.R. 237, [243-244] (1996); *Figueroa v. Banco de San Juan*, 108 D.P.R. 680, [689] (1979)." (Citas omitidas). *García Colón et al. v. Sucn. González*, supra, págs. 543-544.

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a auscultar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, el 18 de julio de 2025, el Tribunal de Primera Instancia emitió *Sentencia Parcial.* De acuerdo al expediente, la parte apelante no solicitó reconsideración ni apeló dicha sentencia dentro del término provisto por nuestro ordenamiento jurídico. Sin embargo, el 10 de septiembre de 2025, presentó *Moción de Nulidad de Sentencia (Entrada Número 57),* donde solicitó que se declarara nula la *Sentencia Parcial* ante la alegada existencia de hechos en controversia. Tal solicitud fue declarada No Ha Lugar por el Tribunal de Primera Instancia.

La parte apelante contaba con un término de treinta (30) días, para apelar la *Sentencia Parcial.* No obstante, no fue hasta el 16 de octubre de 2025, que la parte apelante acudió ante este foro revisor. Es decir, su recurso fue presentado de forma tardía, por lo que, no podemos entrar en sus méritos.

Tanto la Regla 13(A) del Reglamento de este Tribunal, como la Regla 52.2 de las de Procedimiento Civil dejan claro que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancias deberán ser presentadas **dentro del término jurisdiccional de treinta (30) días** contados a partir del archivo en autos de una copia de la notificación de la sentencia.

Es necesario destacar que, la Regla 49.2 de Procedimiento Civil **de ninguna forma sustituye el recurso de apelación**. Si la parte apelante no apeló dentro del término dispuesto por el Reglamento de este Foro apelativo, estaba impedida de incluir en el

recurso de epígrafe los argumentos ya resueltos por el foro primario de forma final y firme.

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[10], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

## IV

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción al ser tardío.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[10] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 110, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf